IN THE UNITED STATED DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **THE GATHERING TREE d/b/a Eden Village,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 6:24-cv-03050-MDH |
| **MUDBOTS, LLC,** | ) |
| **Defendant.** | ) |

# ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction. (Doc. 4). Defendant moves to dismiss this case arguing a lack of personal jurisdiction over Defendant. Plaintiff has filed its opposition. The Court held a hearing and allowed the parties to submit additional briefing. The matter is now ripe for review.

## BACKGROUND

Defendant Mudbots is a manufacturer of automated robotic printers which print and erect buildings out of concrete. Mudbots is headquartered in Tooele, Utah. The Gathering Tree is a Missouri not-for-profit that operates in Missouri by building and managing private housing collectives for individuals who have been chronically unsheltered. Eden Building Solutions, LLC is a Missouri limited liability company operating in Missouri, with its principal place of business in Springfield, Missouri, organized for the purposes of performing and/or organizing the actual building of the homes managed and supported by The Gathering Tree.

Nate Schlueter, who Plaintiff contends was the Chief Visionary Officer for The Gathering Tree and also a representative to Eden Building Solutions LLC (not a party to this action), investigated the potential of 3D printing on behalf of the Gathering Tree and discovered Mudbots. After submitting his information and inquiry on Mudbots' website the parties had multiple phone

1

calls regarding the prospective purchase of two Mudbots' printers. Plaintiff sent individuals to Utah to train in person at Mudbots' facility prior to purchasing the printers.

The record reflects Nate Schlueter signed several documents between Plaintiff and Defendant and also Eden Building Solutions and Defendant. Plaintiff admits Schlueter signed the NDA, Training Agreement and/or Master Dealer Agreement. Plaintiff argues Plaintiff never signed the Universal Terms of Purchase ("UTOP") agreement. However, the record reflects the UTOP is referenced in other signed agreements and available on Defendant's website to which Plaintiff had access. Defendant contends in connection with Plaintiff's purchase of the printers, for $1.6 million, Plaintiff signed documentation agreeing to the UTOP with Mudbots. The Universal Terms of Service contain a forum selection clause naming Utah as the selected forum of the parties.

After the purchase of the equipment the parties continued to communicate regarding the equipment. However, at some point the relationship deteriorated. Defendant argues that Plaintiff commenced this lawsuit three days after receiving a cease-and-desist letter from Mudbots threatening legal action for repeated violations of the UTOP.

Currently, Defendant does not argue that the forum selection clause requires the Court to dismiss or transfer this case. Instead, Defendant states "if subjected to jurisdiction, Defendant intends to bring a separate Motion for Change of Venue" based on the contracts and agreements between the parties. Defendant specifically states it "cannot do so now while appearing only specially to contest jurisdiction" which it has presented in the pending motion. In response Plaintiff agrees that Defendant has only raised the issue of personal jurisdiction in its motion.

## LEGAL STANDARD

Personal jurisdiction is an "essential element" of a court's jurisdiction, "without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). The burden to establish personal jurisdiction lies with Plaintiff. *Epps v. Stewart Information Services Corp.*, 327 F.3d 642, 647 (8th Cir. 2003) ("The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction."). To defeat a motion to dismiss for lack of personal jurisdiction, Plaintiff need only make a prima facie showing of jurisdiction. *Id.*

The "longarm statute" in Missouri reads in pertinent part as follows:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

(2) The making of any contract within this state;

*State ex rel. Metal Serv. Ctr. of Georgia, Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo. 1984).

The legislature, in enacting this statute, intended to provide for jurisdiction, within the specific categories enumerated in the statutes, to the full extent permitted by the due process clause of the Fourteenth Amendment. *Id.* Due Process requires minimum contacts between a non-resident defendant and the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980). A non-resident defendant's contacts with a forum state, for example, must be

sufficient to cause the defendant to "reasonably anticipate being haled into court there." *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d at 648.

## DISCUSSION

Plaintiff argues Mudbots' conduct satisfies Missouri's Long-Arm Statute because Mudbots transacted business by sending its products to Missouri, by advertising to Missouri residents through its website, and by repeatedly and directly communicating with The Gathering Tree by telephone, email and through its website, for the purpose of persuading The Gathering Tree to buy products from Mudbots to be used in Missouri. In addition, after the sale, Mudbots continued to direct communications to The Gathering Tree in Missouri for the purpose of providing customer support to effectuate its duties under the contract. Plaintiff also cites to MudBots' interactive website as contacts with Missouri.

In addition, Plaintiff's Complaint alleges Mudbots engaged in tortious conduct, including fraud and negligent misrepresentation, in its interactions with Plaintiff. Plaintiff further contends Mudbots was aware that it was selling equipment to Plaintiffs in Missouri for the purposes of printing homes in Missouri, that it had significant contacts with Plaintiff who were in Missouri through both the sale and subsequent interactions based on the equipment, and that the alleged fraudulent or negligent representations were made in connection with individuals who were located in Missouri.

Defendant's arguments that Plaintiff has failed to allege any actual sales, phone calls, advertisements, or other interactions is unpersuasive. In fact, Plaintiff also alleges Defendant installed and utilized a GPS tracker to monitor the equipment Plaintiff purchased that would be used in Missouri. The Court finds Plaintiff's have pled sufficient facts to subject Defendant to jurisdiction in Missouri.

WHEREFORE, for the reasons set forth herein Defendant's Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

Dated: September 24, 2024

*s/ Douglas Harpool*
Douglas Harpool, District Judge
