IN THE UNITED STATED DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| THE GATHERING TREE d/b/a Eden Village, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:24-cv-03050-MDH |
| ) | |
| MUDBOTS, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion to Transfer Venue or Dismiss. (Doc. 26). Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(6) and 28 U.S.C. § 1404(a) and 1406, Defendant moves to transfer venue of Plaintiff's Complaint to the Central District of Utah. Alternatively, Defendant moves to dismiss for improper venue. Plaintiff has filed its opposition. The Court held a hearing and allowed the parties to submit additional briefing. The matter is now ripe for review.

## BACKGROUND

Defendant Mudbots is a manufacturer of automated robotic printers which print and erect buildings out of concrete. Mudbots is headquartered in Tooele, Utah. The Gathering Tree is a Missouri not-for-profit that operates in Missouri by building and managing private housing collectives for individuals who have been chronically unsheltered. Eden Building Solutions, LLC is a Missouri limited liability company operating in Missouri, with its principal place of business in Springfield, Missouri, organized for the purposes of performing and/or organizing the actual building of the homes managed and supported by The Gathering Tree.

Nate Schlueter, who Plaintiff contends was the Chief Visionary Officer for The Gathering Tree and also a representative to Eden Building Solutions LLC (not a party to this action), investigated the potential of 3D printing on behalf of the Gathering Tree and discovered Mudbots.

1

After submitting his information and inquiry on Mudbots' website the parties had multiple phone calls regarding the prospective purchase of two Mudbots' printers. Plaintiff sent individuals to Utah to train in person at Mudbots' facility prior to purchasing the printers.

The record reflects Nate Schlueter signed several documents between Plaintiff and Defendant and also Eden Building Solutions and Defendant. Plaintiff admits Schlueter signed the NDA, Training Agreement and/or Master Dealer Agreement. Plaintiff never signed a copy of the Universal Terms of Purchase ("UTOP") agreement. However, the record reflects the UTOP is referenced in other signed agreements and available on Defendant's website to which Plaintiff had access. Defendant contends in connection with Plaintiff's purchase of the printers, for $1.6 million, Plaintiff agreed to the terms of the UTOP. The UTOP contains a forum selection clause naming Utah as the parties' selected forum.

In addition, a representative from Plaintiff also signed NDAs containing a Utah forum selection clause; a training agreement containing a Utah forum selection clause (and that also incorporates the UTOP); and Plaintiff's agent, acting for a related company, signed a Regional Master Dealer Agreement containing a Utah forum selection clause. The record reflects the UTOP is referenced in numerous documents signed or acknowledged by Plaintiff.

The UTOP contains the following:

GOVERNING LAW AND VENUE

The parties acknowledge that Agreement shall take effect upon execution by Seller at its office in, Utah. The parties further acknowledge that the mutual performance hereof by Seller and Buyer constitutes a substantial contract with that State. Accordingly, the parties invoke the protection of the laws of Utah in the United States of America with respect to the protection of their rights and enforcement of their obligations hereunder and they mutually stipulate that this Agreement is in all respects (including, but not limited to, all matters of interpretation, validity, performance and the consequences of breach) to be construed, governed, and enforced in accordance with the laws of Utah. Buyer acknowledges that the City of Salt Lake City in the state of Utah in the United States of America has complete

jurisdiction over this Agreement and all business dealings by and between both parties and warrants that no court proceeding, or filing will be made in any other jurisdiction or the same agrees to pay for all legal and administrative costs of not less than Twenty Thousand Dollars ($20,000.00) to enforce compliance of the same.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division . . . to which all parties have consented." 28 U.S.C. § 1404(a). Deciding a motion to transfer requires "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." See e.g. *Terra Intern., Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). "The party moving for transfer must make a clear showing of the right to transfer" and that the "burden on the moving party is substantial." *Sitzer v. Nat'l Ass'n of Realtors*, 2019 WL 11648563, at *1 (W.D. Mo. Aug. 22, 2019).

28 U.S.C. § 1404(a). Change of Venue, states: (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

## DISCUSSION

A forum selection clause is presumptively valid and enforceable unless they are unjust, unreasonable or invalid. *Servewell Plumbing, LLC v. Federal Ins. Co.* 439 F.3d 786, 789 (8th Cir. 2006) (internal citation omitted). The party opposing the enforcement of a forum selection clause, therefore, has the heavy burden of showing that it is unenforceable. *Id.* "The 'enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system.' For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' 'a valid

3

forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63, 134 S. Ct. 568, 582, 187 L. Ed. 2d 487 (2013) (internal citation omitted).

To avoid the enforcement of a contractually agreed-upon forum selection clause, Plaintiff has the burden of showing that the forum selection clause is unjust, invalid or unreasonable. *Servewell*, 439 at 789. In challenging the forum selection clause Plaintiff must establish: (1) the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) Plaintiff would effectively be deprived of its day in court if the clause is enforced; or (3) the enforcement would contravene a strong public policy of the forum in which suit is brought. See *Id.* and *Atl. Marine Const. Co. v. U.S. Dist. Ct.*, 571 U.S. at 64.

Defendant argues none of these circumstances applies to the UTOP or NDAs at issue in this case and that the forum selection clause should be enforced. For the reasons stated herein, the Court agrees.

Plaintiff contends that it did not sign the UTOP, did not have access to its terms, and cannot be bound by the terms of the agreement. Plaintiff makes alternative arguments that the terms are vague and ambiguous and unconscionable. To begin, it is clear that Defendant did not have Plaintiff sign the UTOP. While the Court is confused as to why this document would not have been signed by the parties to a $1.6 million dollar transaction, the other documents signed by Plaintiff clearly incorporate the terms of the UTOP. If Plaintiff was unaware of the terms of the UTOP it is the result of a lack of due diligence.

Plaintiff, or specifically an individual on its behalf, signed documents that incorporate and reference the UTOP and its application to the parties' agreement. Plaintiff's argument that it did not have access to those terms is unpersuasive. The record reflects Plaintiff had access to the terms

of the UTOP through the website and there were links to the UTOP in some of the documents Plaintiff was provided. Further, Plaintiff's representatives visited and trained in Utah where additional agreements and documents were signed. All documents and agreements signed by Plaintiff contained Utah forum selection clauses, including NDAs and training agreements. Plaintiff was clearly put on notice of Defendant's forum selection clause in multiple different documents.

With regard to the terms of purchase on the printers at issue, the invoices also contain a hyperlink/URL to access the terms of the UTOP and the phrase "Universal Terms of Purchase" is emphasized in all capital letters. The UTOP is also reflected in the printer pricing documentation. Plaintiff's argument that it could not access the UTOP information is unpersuasive. The record reflects its agents logging into the website, that it was given a unique access code, and that the agreements signed by Plaintiff reference the UTOP.

Plaintiff has not established that the agreement it signed was the product of fraud, that Plaintiff would be deprived of its day in court, or that enforcement would contravene a strong public policy of this forum. Here, Plaintiff can continue to litigate its claims in Utah. Plaintiff has not shown any evidence of fraud. At most, Plaintiff argues it did not have access to the UTOP through the website. However, as stated herein, the Court finds the terms of the UTOP were accessible to Plaintiff, and referenced in numerous agreements between the parties, including the invoice for Plaintiff's payment.

Finally, Plaintiff's arguments regarding the enforceability of post-sale restrictions and other clauses that it finds "unreasonable" can be raised in the Utah court. Plaintiff's arguments however do not affect the enforceability of the forum selection clause.

5

Case 6:24-cv-03050-MDH    Document 43    Filed 03/06/25    Page 5 of 6

## DECISION

WHEREFORE, for the reasons set forth herein Defendant's Motion to transfer venue is **GRANTED.** The Court hereby **ORDERS** that this case be transferred to the Central District of Utah. The Court **DENIES** the motion to dismiss for improper venue.

**IT IS SO ORDERED.**

Dated: March 6, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**
